1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

8   EPICREW USA,                              Case No.  5:24-cv-03676-EJD

9              Plaintiff,                      **ORDER GRANTING IN PART
                                              MOTION TO DISMISS; DENYING AS
10       v.                                    MOOT MOTION FOR LEAVE TO
                                              AMEND**
11   CAPITAL ASSET EXCHANGE AND
     TRADING, LLC,
12                                             Re: ECF Nos. 13, 31
             Defendant.
13

14          Defendant Capital Asset Exchange and Trading, LLC moves to dismiss Plaintiff Epicrew

15   USA's complaint.  Having considered the parties' pleadings, the record, and arguments at hearing,

16   the Court **GRANTS IN PART** Capital Asset's motion **WITH LEAVE TO AMEND**.  As such,

17   the Court also **DENIES AS MOOT** Epicrew's separate motion for leave to amend.[1]

18   **I.      BACKGROUND**

19          Epicrew filed suit in June 2024, raising several claims arising out of Capital Asset's

20   alleged failure to deliver certain semiconductor equipment that Epicrew had purchased even

21   though Epicrew had already tendered payment to Capital Asset.  Compl., ECF No. 1.  Capital

22   Asset filed a motion to dismiss for failure to state a claim.  MTD, ECF No. 13.  After the parties

23   finished briefing the motion, the Court held a hearing.  ECF No. 26.  However, because the parties

24   had indicated the possibility of early settlement, the Court held the motion in abeyance.  Hr'g Tr.

25   at 19:25–20:11, ECF No. 32.  Instead, the Court directed the parties to participate in a settlement

26   conference with Magistrate Judge Susan van Keulen.  ECF No. 27.

27

28   ---
     [1] The Court finds oral argument to be unnecessary for this motion under Civil Local Rule 7-1(b).

United States District Court
Northern District of California

Shortly before beginning settlement discussions, Epicrew filed a motion for leave to amend, ECF No. 31, along with a proposed amended complaint. ECF No. 31-1, Ex. A. With its motion, Epicrew sought to make two amendments. First, it sought to correct its own name, explaining that it had mistakenly named Epicrew USA as the plaintiff when it should have named Epicrew Corporation. *See* ECF Nos. 24, 31. Second, Epicrew sought to join three of Capital Asset's executives. *See* ECF No. 31. Before the Court could address Epicrew's motion, the parties were able to "agree[] on an overall framework for resolving this matter." ECF No. 41. However, after further settlement discussions, the parties' agreement eventually fell apart. ECF Nos. 45, 46. The Court therefore turns to the pending motions to dismiss and for leave to amend.

## II.    LEGAL STANDARD

### A.    Motion to Dismiss

Capital Asset moves to dismiss for failure to state a claim under Rule 12(b)(6). To survive such a motion, the complaint must contain sufficient factual allegations to support a reasonable inference that Capital Asset is liable for Epicrew's claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To determine whether it is reasonable to make such an inference, the Court must accept all factual allegations as true and construe the complaint in Epicrew's favor. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). The Court does not, however, accept conclusory allegations or draw unreasonable inferences from the allegations. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

In addition, for claims that sound in fraud, Rule 9(b) requires pleading with greater particularity. Namely, a plaintiff must plead "the who, what, when, where, and how" of the alleged fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).

### B.    Motion for Leave to Amend

Rule 15(a) governs Epicrew's motion for leave to amend. In these circumstances, Rule 15(a) provides that a party may "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Under that Rule, courts should grant leave to amend unless amendment involves "undue delay, bad faith or dilatory motive on the part of the

1  movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

2  to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."

3  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (citation omitted).

4  **III.    MOTION TO DISMISS**

5        **A.    Incorporation by Reference**

6        Before turning to the merits, the Court first sets the scope of the record on Capital Asset's

7  motion to dismiss.  Normally, courts are limited to materials within the pleadings when deciding

8  motions to dismiss under Rule 12(b)(6).  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998

9  (9th Cir. 2018).  Capital Asset, however, cites to contract documents that were not attached to the

10  complaint.  *See* Epicrew Contracts, ECF Nos. 14-1, 14-2.[2]  The Court can consider those contracts

11  only if they are subject to judicial notice or incorporation by reference.  *Khoja*, 899 F.3d at 998.

12  Here, the contracts are incorporated by reference because they "form the basis of" Epicrew's

13  contract claims; Epicrew alleges that Capital Asset breached those very contracts.  *Id.* at 1002

14  (citation omitted).  Therefore, the Court can consider the contracts.

15        **B.    Breach of Contract**

16        The contracts at issue here are invoices through which Epicrew agreed to purchase certain

17  semiconductor equipment from Capital Asset.  *See* Epicrew Contracts.  Epicrew alleges that

18  Capital Asset breached those contracts in three ways: (1) by failing to deliver the promised

19  equipment in a timely manner; (2) purporting to own the equipment when it did not, in violation of

20  Section 5 of the contracts; and (3) violating the implied covenants of good faith and fair dealing.

21  Compl. ¶¶ 37, 44.  Capital Asset disputes all three theories of breach.

22        ***Timely Delivery.***  Capital Asset argues that the Epicrew Contracts do not contain any

23  provisions setting deadlines for delivery, so it could not have breached the Epicrew Contracts for

24  failing to deliver the promised equipment in a timely manner.  Capital Asset is correct that the

25  contracts contain no express timing terms, but its conclusion does not follow.  Under California

26  law, "[t]he time for shipment or delivery or any other action under a contract if not . . . agreed

27

28  ---

[2] The relevant terms are identical in both contracts, so the Court cites the two together.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  upon shall be a reasonable time." Cal. Com. Code § 2309. Therefore, the Epicrew Contracts

2  contain implied terms that require delivery within a "reasonable time." Epicrew alleges that it

3  paid for one piece of promised equipment on May 25, 2023, and for the other on December 6,

4  2023. Compl. ¶¶ 15, 24. Epicrew still has not received either piece of equipment. Drawing all

5  inferences in favor of Epicrew, a delay of well over one year is sufficient to support Epicrew's

6  claim that Capital Asset failed to timely deliver the promised equipment.

7     ***Section 5.*** Section 5 of the Epicrew Contracts reads as follows: "All Equipment is offered

8  to Buyer based on its prior sale to [Capital Asset]. Should such prior sale not occur, this invoice

9  shall be null and void." On its face, Section 5 does not require Capital Asset to take any action or

10 refrain from taking any action. That is, there is nothing in Section 5 for Capital Asset to breach.

11 If Epicrew is correct that the equipment at issue was not sold to Capital Asset, such fact would not

12 establish a breach. Rather, it would void the Epicrew Contracts. So, Epicrew's theory of a breach

13 of Section 5 fails.

14    ***Implied Covenants.*** Epicrew raises the implied covenants as a theory of its contract claim

15 in addition to raising a standalone claim for breach of the implied covenants. Compl. ¶¶ 37, 44,

16 49–54. It is not clear whether Epicrew intends to advance different theories for breach of the

17 implied covenants by doing so. Regardless, Epicrew has failed to respond to Capital Asset's

18 arguments to dismiss the implied covenant claims. *See* MTD at 6–7; Opp'n, ECF No. 18. By

19 failing to respond to those arguments, Epicrew concedes dismissal of its implied covenant claims.

20 *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009) ("Where plaintiffs

21 fail to provide a defense for a claim in opposition, the claim is deemed waived."), *aff'd*, 646 F.3d

22 1240 (9th Cir. 2011).

23                              *    *    *

24    In sum, the Court **DISMISSES** Epicrew's claims for the breach of Section 5 and breach of

25 the implied covenants. Epicrew's claim for breach of contract based on Capital Asset's alleged

26 failure to timely deliver the promised equipment can proceed.

27

28

### C.    Fraud and Misrepresentations

Epicrew next raises claims for fraud, negligent misrepresentation, and intentional misrepresentation.  These three claims all fail for the same reason: Epicrew has not identified any false statement by Capital Asset.

In its opposition, Epicrew refers to four categories of false statements: (1) that Capital Asset owned the equipment at issue; (2) that Capital Asset could and would deliver the equipment; (3) that the equipment would be shipped imminently; and (4) that Capital Asset would not allow Epicrew to cancel the transactions or receive a refund.  Opp'n at 6.  The paragraphs of the complaint that Epicrew cites in support of its first category of statements do not actually contain any statements.  Compl. ¶¶ 58, 63.  Meanwhile, the paragraphs cited in support of Epicrew's second category only vaguely mention a "promise" but give no more detail.  *Id.* ¶¶ 92–95.  That is not specific enough to satisfy Rule 9(b).  While Epicrew provides more specific statements for its third category, none of those statements assert that shipment would be imminent.  *Id.* ¶¶ 13, 24.  Finally, the Court simply cannot tell what Epicrew means by the fourth category.  Epicrew appears to argue that Capital Asset lied about refusing to cancel Epicrew's equipment purchase and refusing to provide a refund.  This argument implies that Capital Asset *is* willing to cancel the transactions or provide a refund.  That seems to contradict the entire premise of Epicrew's lawsuit, which is that Capital Asset refuses to return Epicrew's money.

Accordingly, the Court **DISMISSES** Epicrew's claims for fraud, negligent misrepresentation, and intentional misrepresentation.

### D.    Fraudulent Concealment

Epicrew also alleges that Capital Asset fraudulently concealed "the fact that it did not own the [equipment] at the time it purported to sell such [equipment] to Epicrew."  Compl. ¶ 85.  The problem with this claim is that the Epicrew Contracts themselves reveal Capital Asset did not own the equipment.  Section 5 of the contracts states, "All Equipment is offered to Buyer based on its prior sale to [Capital Asset].  Should such prior sale not occur, this invoice shall be null and void."  This makes clear that the sale of the relevant equipment to Epicrew was contingent on the Capital Asset being able to buy that equipment from a third party.  Section 5 also reveals the possibility

that Capital Asset would be unable to do so.  The existence of that possibility necessarily implies that Capital Asset did not own the relevant equipment at the time.  So, the Court **DISMISSES** Epicrew's claim for fraudulent concealment.

### E.        Promissory Fraud

A claim for promissory fraud requires a plaintiff to plead "a promise made without intention to perform."  *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001).  In this case, Epicrew makes the conclusory allegation that Capital Asset "did not intend to perform [its] promise."  Compl. ¶ 93.  Then, the only supporting fact Epicrew pleads is that Capital Asset did not own the relevant equipment at the time it purported to sell the equipment.  *Id.*  The Court does not credit the conclusory allegation.  *In re Gilead*, 536 F.3d at 1055.  And the fact of non-ownership does not support a reasonable inference of intent given that Capital Asset expressly disclosed the possibility it would be unable to secure the equipment, and that its failure to secure the equipment would render the contracts (and therefore Capital Asset's promises) null and void.  Epicrew Contracts § 5.  The Court **DISMISSES** Epicrew's claims for promissory fraud.

### F.        Unfair Competition Law (UCL)

The UCL bars companies from engaging in business activities that are "unlawful, unfair or fraudulent."  Cal. Bus. & Prof. Code § 17200.  Epicrew raises claims under the "fraudulent" and "unfair" prongs.[3]  Compl. ¶ 102.  Epicrew's claim under the fraudulent prong fails for the same reason that Epicrew's other fraud-based claims fail.  And Epicrew's claim under the unfair prong fails because Epicrew relies on "deceptive business practices," Opp'n at 9, and Epicrew has not alleged any misleading statements or conduct.  Thus, the Court **DISMISSES** the UCL claims.

### G.        Declaratory Relief

Finally, Epicrew asks for declaratory relief.  Capital Asset opposes such relief on the grounds that Epicrew is essentially seeking backwards-looking damages rather than a forward-

---

[3] Epicrew briefly mentions the "unlawful" prong in its opposition, stating in conclusory fashion that "[t]he Complaint states claims under all three prongs" of the UCL.  Opp'n at 8.  But Epicrew makes no argument on the unlawful prong beyond that.  Absent any real argument, the Court **DISMISSES** the UCL claim to the extent it arises under the unlawful prong.

United States District Court
Northern District of California

1    looking declaration.  MTD at 21.  Not so.  Epicrew specifically asks for a "[d]eclaration that the

2    [contracts] between Epicrew and [Capital Asset] [are] null and void as a matter of law."  Compl.,

3    Prayer for Relief ¶ 1.  Epicrew is not seeking a declaration that Capital Asset owes it damages.

4    Rather, if the Epicrew Contracts were declared to be null and void, that would alter the

5    relationship between the parties moving forward.  To be sure, such a declaration might unlock

6    other avenues for recovering the payments that Epicrew made to Capital Asset since Capital Asset

7    would no longer have contractual entitlement to those payments.  But that is a function of the

8    changed relationship between the parties.  Accordingly, Epicrew may proceed with its declaratory

9    judgment claim.

### H.    Summary

11    Epicrew may proceed with its claim for breach of contract based on Capital Asset's alleged

12    failure to timely deliver the promised equipment, and with its claim for a declaration that the

13    Epicrew Contracts are null and void.  The Court **DISMISSES** all other claims.  Because this is the

14    first time that the Court has dismissed the complaint, it cannot be sure that amendment would be

15    futile.  Accordingly, the Court grants leave to amend.

## IV.    MOTION FOR LEAVE TO AMEND

17    Having granted leave to amend as part of its ruling on Capital Asset's motion to dismiss,

18    the Court **DENIES** Epicrew's separate motion for leave to amend as moot.  However, the Court

19    briefly clarifies that, in granting leave to amend, it is expressly permitting Epicrew to amend its

20    name and to join the three Capital Asset executives identified in the motion for leave to amend.

21    There is no opposition to Epicrew amending its name.  And although Capital Asset objected to the

22    joinder of its executives on the basis of futility, Capital Asset based its objections on Epicrew's

23    proposed amended complaint.  Now that the Court has ruled on Capital Asset's motion to dismiss,

24    the proposed amended complaint itself is moot, and Epicrew may file an amended complaint that

25    is different from the one it proposed.

26    ///

27    ///

28    ///

United States District Court
Northern District of California

**V.      CONCLUSION**

The Court **GRANTS IN PART** Capital Asset's motion to dismiss **WITH LEAVE TO AMEND**.  Any amended complaint must be filed within **21 days** of this Order.  As a result, the Court also **DENIES AS MOOT** Epicrew's separate motion for leave to amend.

**IT IS SO ORDERED.**

Dated:  May 13, 2025

EDWARD J. DAVILA
United States District Judge